[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10591
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20670-AJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ENRIQUE BETANCOURT URIBE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 23, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Betancourt Uribe appeals the sentence imposed after he pleaded

guilty to importing at least 100 grams of heroin, in violation of 21 U.S.C. § 952(a).

On appeal, Uribe argues that his sentence was substantively unreasonable. After a thorough review of the record, we affirm.

Uribe pleaded guilty to importing heroin after customs officials at Miami International Airport discovered 719.8 grams of heroin in his backpack when he arrived on a flight from Colombia. He admitted that he had imported the drugs in return for a payment of $10,000.

The district court calculated his sentencing range as 46 to 57 months' imprisonment.[1] The statutory maximum sentence was 40 years' imprisonment. 21 U.S.C. § 960(b)(2)(A). Uribe requested a sentence below the advisory guideline range in consideration of the sentencing factors in 18 U.S.C. § 3553(a). After considering the parties' arguments, the advisory guideline range, and the § 3553(a) factors, the court found that a sentence at the low end of the guideline range was appropriate. The court noted the large amount of heroin involved, as well as the fact that another courier in the scheme had been sentenced to 46 months' imprisonment. The court stated that the sentence imposed on another courier was not dispositive, but explained that it could consider the punishment of a similarly situated individual. Uribe now appeals the 46-month sentence imposed.

---

[1] Uribe qualified for the safety-valve reduction, which permitted the court to impose a sentence below the statutory mandatory minimum of five years' imprisonment. 21 U.S.C. § 960(b)(2)(A); U.S.S.G. § 5C1.2.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied* 131 S.Ct. 674 (2010).

In determining the sentence, the district court must conduct an individualized assessment based on the facts presented. *Gall*, 552 U.S. at 50. Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Additionally, "[t]he weight given to any § 3553(a) factor is within the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors." *United States v. Irey*, 612 F.3d 1160, 1261 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). A sentence imposed well below the

statutory maximum penalty is an indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, we conclude that Uribe's 46-month sentence, imposed at the low end of the guideline range, is substantively reasonable.[2] The sentence was within the guideline range, took into consideration the § 3553(a) factors such as the nature and circumstances of the offense, the applicable guideline range, and the history and characteristics of the defendant, and was well below the 40-year statutory maximum penalty. Uribe has not shown that the court abused its discretion.

We are not persuaded by Uribe's argument that the court relied too heavily on treating similarly situated individuals the same. Although the court stated that treating similarly situated individuals alike was one of the factors it considered, it also stated that such factor was not dispositive or determinative. Further, the weighing of factors is generally left to the sound discretion of the district court and we will not substitute our judgment for the district court's. *Irey*, 612 F.3d at 1261. Accordingly, we affirm the sentence.

**AFFIRMED.**

---

[2] Uribe did not object to the court's guideline calculations at sentencing and although he couches his argument on appeal in procedural reasonableness terms, he does not raise an argument concerning the procedural reasonableness of his sentence. In any event, we conclude that the district court did not commit any procedural error. The court properly calculated the guideline range, treated the guidelines as advisory, considered the § 3553(a) factors, and adequately explained the sentence imposed. *Gall*, 552 U.S. at 51.